UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL S. LIBOCK, et al.,<br><br>    Plaintiffs,<br><br>            v.<br><br>HORIZON HEALTHCARE SERVICES, INC., et al.,<br><br>    Defendant(s). | Case No.: 2:16-cv-02812-JLL-JAD<br><br><br><br><br><br>*Document Electronically Filed* |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

**DLA Piper LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078
(973) 520-2562
andrew.bunn@dlapiper.com
robert.ferguson@dlapiper.com
*Attorneys for Defendants*

Of Counsel:
    Andrew O. Bunn

On the Brief:
    Andrew O. Bunn
    Robert W. Ferguson

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................................. 1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ......................................... 1

    1. Libock's Plan required pre-authorization for inpatient treatment and set forth a clear appeals procedure for participants seeking to challenge adverse benefit determinations ................................................................. 2

    2. Plaintiffs only filed appeals with respect to MOL's initial inpatient treatment from October 10 through December 31, 2013 ....................... 3

    3. Plaintiffs' Complaint seeks benefits for inpatient treatment only ......... 3

    4. Defendants produced the administrative record ..................................... 4

III. ARGUMENT ............................................................................................................ 4

    1. The only decision under review in this case is Horizon's denial of Plaintiffs' second-level appeal related to inpatient benefits for the period October 10 to December 31, 2013 ........................................................ 5

    2. The Complaint seeks reimbursement for inpatient benefits only .......... 6

    3. The Plan expressly excludes benefits for custodial care ....................... 7

IV. CONCLUSION ......................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*DiLorenzo v. UFCW Local 56, Health & Welfare Fund*,
   CIV.05-4671 JBS, 2005 WL3008804 (D.N.J. Nov. 9, 2005) ................................................... 5

*Firestone Tire & Rubber Co. v. Bruch*,
   489 U.S. 101 (1989) ................................................................................................................ 4

*Irgon v. Lincoln Nat. Life Ins. Co.*,
   CIV.A. 13-4731 FLW, 2013 WL 6054809 (D.N.J. Nov. 15, 2013) ........................................ 5

*Long v. Wilson*,
   393 F.3d 390 (3d Cir. 2004) .................................................................................................... 7

*Metro. Life Ins. Co. v. Price,*
   501 F.3d 271 (3d Cir. 2007) .................................................................................................... 5

*Miller v. Am. Airlines, Inc.*,
   632 F.3d 837 (3d Cir. 2011) .................................................................................................... 5

*Mitchell v. Eastman Kodak Co.*,
   113 F.3d 433 (3d Cir. 1997) .................................................................................................... 5

*Monmouth Med. Ctr. v. Harris*,
   494 F. Supp. 590 (D.N.J. 1980), aff'd, 646 F.2d 74 (3d Cir. 1981) ......................................... 7

*Schweikert v. Baxter Healthcare Corp.*,
   CIV.A. 12-5876 FLW, 2013 WL 1966114 (D.N.J. May 10, 2013) ......................................... 6

*Stapperfenne v. Nova Healthcare Administrators, Inc.*,
   CIV. 05-4883 (RBK), 2006 WL1044456 (D.N.J. Apr. 17, 2006) ........................................... 5

*Van Doren v. Capital Research & Mgmt. Co.*,
   CIV.A. 10-1425 KSH, 2010 WL 5466839 (D.N.J. Dec. 30, 2010) ......................................... 6

*Weldon v. Kraft, Inc.*,
   896 F.2d 793 (3d Cir. 1990) .................................................................................................... 5

**STATUTES**

29 U.S.C. § 1133 ................................................................................................................... passim

I. **PRELIMINARY STATEMENT**

Defendants Horizon Healthcare Services, Inc. ("Horizon"), Magellan Health, Inc., f/k/a Magellan Health Services, Inc., and Magellan Behavioral Health of New Jersey (collectively, "Defendants") agree that this discovery dispute is straightforward, but it has nothing to do with the administrative record – Defendants produced it months ago. Rather than compel production of the administrative record, the motion [Dkt. No. 21] filed by Plaintiffs Michael O. Libock ("MOL") and Michael S. Libock ("MSL") (collectively, "Plaintiffs") seeks discovery outside the record and unrelated to their claim. According to the Complaint, Plaintiffs seek reimbursement for charges related to MOL's 2013 inpatient treatment at Westbridge, Inc. They have asserted no claims in connection with charges for outpatient or other care. As a result, discovery related to those alleged charges is both outside the administrative record and irrelevant to this case.

Defendants produced the administrative record on Plaintiffs' claim for inpatient benefits over nine months ago. That record is naturally limited to the single determination that Plaintiffs appealed, and it consists of all the evidence before the administrator when the final appeal was decided. That Plaintiffs elected not to appeal the determinations related to other incidents of inpatient care, or any part of MOL's outpatient care, means that there was no record before the administrator as to those claims and, more important, no colorable claim before this Court.

Plaintiffs' motion should be denied.

II. **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Both the Complaint and Plaintiffs' pending motion recite alleged facts related to MOL's treatment at Westbridge, Inc. ("Westbridge"), which began in 2013. *See generally*, Compl. Notably, Plaintiffs concede that MOL was discharged from inpatient treatment on or about April 2014. Compl., ¶ 24. Any additional treatment received by MOL at Westbridge was received on an outpatient basis. *See generally*, Complaint.

1. **Libock's Plan required pre-authorization for inpatient treatment and set forth a clear appeals procedure for participants seeking to challenge adverse benefit determinations.**

At the time of his treatment at Westbridge, MOL was a beneficiary under the terms of Horizon Small Employer Group Health Benefits policy no. 475K3-00 (the "Plan").  Bunn Decl., Ex. A.   According to the Plan, participants and beneficiaries are only eligible to receive benefits for "Covered Charges."  *Id.* at 17.  To constitute a "Covered Charge," a medical service or supply must be "a) furnished or ordered by a recognized health care provider; and b) Medically Necessary and Appropriate to diagnose or treat an illness or injury."  *Id.* at p. 17.

Some services require pre-authorization and continuing review in order to establish that the service is Medically Necessary and Appropriate and, therefore, a Covered Charge.  *See*, *e.g.*, *id.* at 65 ("All non-Emergency Hospital admissions must be reviewed by Horizon BCBSNJ before they occur.").  In particular, inpatient treatment for Mental Illness and Substance Abuse must be authorized in order to be covered.  *Id.* at Rider 1 (HOR-LIB 000590) ("In the case of Hospital admissions for the treatment of Mental Illness or Substance Abuse, **when the Care Manager . . . authorizes** a Covered Person's Inpatient treatment for a Mental Illness or Substance Abuse, coverage for that treatment will be provided  . . .") (emphasis added).

For participants and beneficiaries who disagree with benefit determinations, such as a finding that a service is not Medically Necessary and Appropriate, the Plan provides reticulated appeals procedures.  Bunn Decl., Ex. A at pp. 40-41.   The appeal process consists of first- and second-level internal appeals, and also affords Covered Persons with the right to pursue an independent external appeal with the New Jersey Department of Banking and Insurance.  *Id.*

2

### 2. Plaintiffs only filed appeals with respect to MOL's initial inpatient treatment from October 10 through December 31, 2013.

Following the initial denial of authorization for MOL's ongoing inpatient treatment at Westbridge, Plaintiffs filed a first-level appeal pursuant to the terms of the Plan. Bunn Decl., Ex. B. The appeal was filed with Magellan Health which, at that time, served as Horizon's Mental Health benefits administrator. *Id.* Westbridge's billed charges for this period were $69,360.30, as reflected in Plaintiffs' appeal. *Id.* Magellan denied the first-level appeal on the basis of medical necessity.

Plaintiffs filed a second-level appeal on or about June 12, 2014. Bunn Decl., Ex. C. The first sentence of the second-level appeal letter states: "we would like to appeal our denial of coverage in the amount of $69,360.30 for the 2013 year for inpatient services for my son, Michael O. Libock." *Id.* Within two weeks of receiving the second-level appeal, Horizon convened a hearing of its Member Appeals Committee ("MAC") to review Plaintiffs' appeal on July 2, 2014. *Id.*, Ex. D. After this hearing, during which Mr. Libock made a telephonic presentation, the MAC rendered its decision to uphold the original denial of preauthorization. The MAC's decision was communicated to Plaintiffs by letter dated July 3, 2014. *Id*. Plaintiffs filed no other appeals.

### 3. Plaintiffs' Complaint seeks benefits for inpatient treatment only.

Plaintiffs filed their Complaint on May 18, 2016. [Dkt No. 1]. The First (and only) Count of the Complaint contains two substantive allegations: (1) that Defendants allegedly violated the Plan "by failing to pay benefits to [Libock] for ***residential*** services provided by Westbridge . . .; and (2) that [Libock] has standing as a plan participant "to seek benefits relating to ***inpatient residential*** services provided by Westbridge to [Libock]. *See* Compl. [Dkt. No. 1], §§ 34-35 (emphasis added). In a similar vein, Plaintiffs' demand for relief makes no mention of

3

any outpatient or other treatment.  Instead, Plaintiffs demanded judgment " . . . declaring that Defendants violated its (sic) duties . . . by failing to pay benefits relating to the inpatient residential services provided by Westbridge . . . [and] directing Defendants to pay benefits to [Mr. Libock] relating to ***inpatient and residential*** services provided by Westbridge to [Libock] . . ." *Id.* at 9 (emphasis added).

In addition, the joint discovery plan – agreed to by both parties – confirms the mutual understanding that Plaintiffs are seeking benefits related to inpatient treatment only.  [Dkt. No. 13].  Under heading the heading "Case Description," the joint discovery plan describes the dispute as follows:  "Plaintiffs allege that Defendants wrongfully denied benefits for ***inpatient*** treatment for mental illness and substance abuse . . ." *Id.* at p. 1 (emphasis added).

### 4. Defendants produced the administrative record.

Following the Rule 16 conference, the parties exchanged written discovery which, by Court Order, was limited to the administrative record.  [Dkt No. 14].  Defendants produced the whole administrative record related to Libock's appeals related to inpatient treatment.  *See* Leardi Decl., Ex. E.

### III. ARGUMENT

The Supreme Court has held that "a denial of benefits challenged under [§ 502(a)(1)(B)] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  When the plan terms vest the plan sponsor or administrator with discretion to determine eligibility for benefits, "a deferential standard of review appropriate[.]" *Id.* at 111.  Accordingly, courts "review a challenge by a participant to a termination of benefits under ERISA § 502(a)(1)(B) under an

4

arbitrary and capricious standard where . . the plan grants the administrator discretion[.]" *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 844 (3d Cir. 2011).

Courts have also held that "[d]iscovery in the ERISA context is limited by the statute's goal of a speedy, inexpensive, and efficient resolution of claims." *Irgon v. Lincoln Nat. Life Ins. Co.*, CIV.A. 13-4731 FLW, 2013 WL 6054809, at *4 (D.N.J. Nov. 15, 2013) (citing *Delso v. Trustees of Ret. Plan for Hourly Employees of Merck & Co., Inc.,* No. 04–3009, 2006 WL 3000199 (D.N.J. Oct. 20, 2006)). In cases involving the deferential, arbitrary and capricious standard of review, the court considers only the record of "evidence that was before the administrator when he made the decision being reviewed." *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997) (citation omitted).

> 1. **The only decision under review in this case is Horizon's denial of Plaintiffs' second-level appeal related to inpatient benefits for the period October 10 to December 31, 2013.**

ERISA requires that covered benefit plans provide administrative remedies to participants and beneficiaries whose claims have been denied. *See* 29 U.S.C. § 1133; *Metro. Life Ins. Co. v. Price,* 501 F.3d 271, 279 (3d Cir. 2007). Due to the availability of these administrative remedies, "[e]xcept in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990) (citation omitted). Courts in this district have dismissed ERISA 502(a)(1)(B) claims prior to the conclusion of discovery where the record clearly shows that the plaintiff failed to exhaust administrative remedies under the plan. *DiLorenzo v. UFCW Local 56, Health & Welfare Fund*, CIV.05-4671 JBS, 2005 WL3008804, at *2 (D.N.J. Nov. 9, 2005); *Stapperfenne v. Nova Healthcare Administrators, Inc.*, CIV. 05-4883 (RBK), 2006 WL1044456, at *2 (D.N.J. Apr. 17, 2006) ("In ERISA cases regarding claims for benefits, courts have found that a failure to exhaust administrative remedies may constitute grounds

5

for dismissal pursuant to both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)"); *Van Doren v. Capital Research & Mgmt. Co.*, CIV.A. 10-1425 KSH, 2010 WL 5466839, at *7 (D.N.J. Dec. 30, 2010) (disposing of an ERISA § 502(a)(1)(B) claim on a motion to dismiss where the plaintiff failed to exhaust administrative remedies); *Schweikert v. Baxter Healthcare Corp.*, CIV.A. 12-5876 FLW, 2013 WL 1966114, at *3 (D.N.J. May 10, 2013).

Given the internal and external appeals available under Plaintiffs' Plan, Plaintiffs were required to appeal any adverse benefit determinations prior to seeking redress in Court. The Administrative records show – and Plaintiffs do not dispute – that Plaintiffs only filed two appeals (1st and 2nd level) related exclusively to the denial of inpatient benefits rendered to MOL in 2013. Nor have Plaintiffs set forth any basis to excuse compliance with ERISA's exhaustion requirement. Plaintiffs have alleged no facts, in either the Complaint or in connection with this motion, to overcome this requirement.

In light of the Complaint's limitation to benefits for inpatient treatment (see Point III B, *infra*), Plaintiffs' failure to appeal from the denial of other benefits rendered after 2013 means that the only claim properly before this Court is Plaintiffs' claim for inpatient benefits rendered at Westbridge in 2013. For this reason, the administrative record in this case is limited to the evidence that was before Horizon at the time it rendered a decision on Plaintiffs' only second-level appeal. Defendants have already produced that entire record to Plaintiffs.

### 2. The Complaint seeks reimbursement for inpatient benefits only.

Not only did Plaintiffs fail to appeal any benefit determinations beyond the initial denial of preauthorization for inpatient treatment, but the Complaint excludes any claim for benefits related to outpatient or other treatment whatsoever. In both the First (and only) Count and the claim for relief, Plaintiffs specifically ask the Court to award benefits related to inpatient

treatment only.  Compl., §§ 34-35, p. 9.  There is simply no plausible way to read Plaintiffs' Complaint as seeking reimbursement for outpatient or other benefits.

And although the parties have disputed the scope of this lawsuit since at least the first in-person settlement conference with the Court over five months ago [Minute Entry 1/20/2017], at no time has Plaintiff attempted or requested leave to file an Amended Complaint.   While such an attempt should be denied at this point, given the unjustifiable delay and additional cost that such an amendment would impose on Defendants (and given its futility in light of the failure to exhaust administrative remedies), it is nevertheless the Plaintiffs' burden to make such an application if they wish to assert currently un-pleaded claims.  *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

### 3.  The Plan expressly excludes benefits for custodial care.

Although Plaintiffs claim to have paid over $200,000 towards MOL's treatment (both inpatient and outpatient) at Westbridge, a review of the explanations of benefits ("EOBs") Plaintiffs received in connection with MOL's treatment  suggests a large discrepancy between the charges submitted for payment to the Plan and those ultimately and allegedly paid by Plaintiffs.[1]   This discrepancy may have arisen as a result of custodial care rendered to MOL at Westbridge.  *See*, *e.g.*, *Monmouth Med. Ctr. v. Harris*, 494 F. Supp. 590, 597 (D.N.J. 1980), aff'd, 646 F.2d 74 (3d Cir. 1981) (citations omitted) ("custodial care is the kind of care which does not rise to the level of care constituting inpatient hospital services or extended care services.  That is the meaning which the courts have given to the term 'custodial care'").

According to the Plan terms, "Horizon BCBSNJ does not pay for Custodial Care[.]" Bunn Decl., Ex. A at 53.  Custodial Care is defined as "any service or supply, including room and board, which: a) is furnished mainly to help a person meet his or her routine daily needs; or

---

[1] Due to confidentiality concerns, these documents will be produced to the Court under seal upon request.

b) can be furnished by someone who has no professional health care training or skills." Westbridge likely knew that Horizon, like most plans, does not pay for custodial care, but billed Plaintiffs for those amounts. As a result, Horizon would have no record of such treatment, even though Plaintiff may have paid Westbridge for it. Regardless, the Plan's express exclusion of benefits for custodial care underscores the importance of confining this lawsuit to only those benefits for which Plaintiffs exhausted their administrative remedies and asserted claims in the Complaint.

## IV.     CONCLUSION

For the foregoing reasons, Defendants Horizon Healthcare Services, Inc., Magellan Health, Inc., f/k/a Magellan Health Services, Inc., and Magellan Behavioral Health of New Jersey, respectfully request that Plaintiffs' pending motion to compel be denied in its entirety.

Respectfully submitted,

**DLA Piper LLP (US)**
*Attorneys for Defendants*

 s/Andrew O. Bunn
Andrew O. Bunn

Dated: July 24, 2017